# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.D.G., et al., | Case No.: 1:13-cv-02057 JLT |
| Plaintiff, | ORDER AFTER INFORMAL TELEPHONIC CONFERENCE |
| v. | (Doc. 41) |
| CITY OF BAKERSFIELD, et al., | |
| Defendants. | |

At the request of counsel, on April 10, 2015, the Court held an informal telephonic conference related to Plaintiffs' request to reopen discovery. (Doc. 41) At the hearing, Plaintiffs noted that there is a significant amount of time between the close of discovery and the trial date[1] and noted there is discovery Plaintiffs still need to complete. In particular, first, Plaintiffs asserted that Defendant Woessner was instructed not to answer a number of deposition questions that asked for his and asserted need for answers to these questions. Second, Plaintiffs reported that they had failed to take the deposition of a crime lab staff member due to inadvertence.

Defendants did not agree to reopening discovery and noted that non-expert discovery closed on March 27, 2015 and experts were due to be disclosed in about two weeks. They claimed that reopening fact discovery would necessarily impact their expert's opinions and all remaining dates in the schedule.

---

[1] Originally, the trial date selected was December 1, 2015. (Doc. 18) Soon thereafter, the Court granted the stipulation of counsel to change the trial date to February 2, 2016. (Doc. 20)

1

In addition, they reported that while Plaintiffs identified complaints as to the deposition of Woessner related to the request to amend the schedule, there were no substantive discussions related to the propriety of objections lodged.

The Court observed that in late February, it amended the case schedule to extend the discovery deadlines related to experts but no issue was raised at that time about the deadline for non-expert discovery. Thus, after discussing the issues, the Court **ORDERS**:

1. Plaintiffs are authorized to file their motion to amend the case schedule but must do so within the current deadlines. If the motion is filed, they SHALL address whether good cause exists for the modification sought and whether they acted with diligence in attempting to meet the deadlines imposed. The motion **SHALL** comply with Local Rule 251(c);

2. Plaintiffs are not authorized to file a motion related to the deposition of Officer Woessner. There has been insufficient meet and confer efforts to determine whether the dispute may be resolved short of filing a motion. Once these efforts are exhausted, a further informal telephonic conference with the Court must occur before the Court will authorize the filing of a motion to compel.

IT IS SO ORDERED.

Dated:   **April 10, 2015**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE