# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.D.G., et al., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BAKERSFIELD, et al., <br><br> Defendants. | Case No.: 1:13-cv-02057 JLT <br><br> ORDER AFTER SECOND INFORMAL TELEPHONIC CONFERENCE <br> (Doc. 44) |

At the request of counsel, on April 17, 2015, the Court held an informal telephonic conference related to issues Plaintiff has raised related to the conduct of the depositions of Defendant Woessner and the Fed. R. Civ. P. 30(b)(6) deponent, Sherman.

At the conference, counsel noted that many times in the Woessner deposition, defense counsel instructed the witness not to answer questions despite that the instruction was not made to preserve a privilege or to allow time to seek a protective order. The Court agreed that such an instruction is appropriate only under those circumstances set forth by Fed. R. Civ. P. 30(c)(2) ["A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."]. However, the Court reminded counsel that when confronted with whether a deposition should be reopened, the Court may limit the discovery sought by balancing factors such as the costs involved, whether the information could be obtained more efficiently from a different source and the importance of the discovery, among other

factors. Fed. R. Civ. P. 26(b)(2)(C). The Court directed the conversation toward these factors.

As to the deposition of Woessner, at the conference it was clear that answers *had* been given to several questions Plaintiffs contended had not been given. For example, Woessner testified he had no information whether decedent's gun was jammed. Likewise, Plaintiff's counsel stated that Woessner testified that when he reached the breezeway while chasing the decedent, he saw the decedent had continued running and did not stop there. Thus, Plaintiff's counsel conceded that the information as to whether the decedent ambuhsed Woessner, was addressed at the deposition.

At the deposition, Woessner did not provide responses to hypothetical questions posed by Plaintiffs' counsel related to whether, if the circumstances were different—such as the officer being aware the decedent was not going to ambush him and the officer being aware the decedent was carrying an inoperable—he would have taken different actions. At the conference, Plaintiffs' counsel argued that the answers to these questions would test the officer's credibility as well as his training and experience and could impact the opinions of their expert; the Court disagrees—at least based upon the showing currently made. Indeed, Plaintiffs' counsel could not point to how the responses to the posed hypotheticals would be admissible at trial. For example, counsel made no showing that the responses did not call for speculation or did not constitute an expert opinion.

Though Plaintiffs' counsel decided that they did not wish to discuss the other areas of their concern as to the Woessner deposition (specifically questions related to whether an AR-15 "has the ability to go through walls," and the honesty of the officer when he *did* respond to the question by stating, "I'm not sure. I don't know anything about plaster or anything, I'm sorry I don't know"), the parties discussed whether Sherman was an appropriate deponent under Fed. R. Civ. P. 30(b)(6). Plaintiffs' chief concern was that Sherman lacked personal knowledge of much of the information about which he testified.

The Court reminded counsel that under this Rule 30(b)(6), the key issue is whether the person produced by the entity has the authority to bind it in the litigation. The entity's designee need not have personal knowledge or have been witness to the events addressed at the deposition. United States v. Taylor, 166 F.R.D. 356, 361 aff'd 166 F.R.D. 367 (M.D.N.C. 1996); Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc., 251 F.R.D. 534, 539 (D.Nev. 2008). Rather the deponent must be sufficiently

prepared about information known by the entity or reasonably available to it, so he can address the topics raised at the deposition on behalf of the entity. <u>Id</u>.  However, resolution of this issue was not achieved.

Thus, after discussing the issues at the conference, the Court **ORDERS**:

1. Plaintiffs are authorized to file a motion to compel the further deposition of Woessner. If they choose to file such a motion, in addition to addressing the specific deposition questions at issue, they must address the factors set forth in Fed. R. Civ. P. 26(b)(2(C) such to justify reopening the deposition. Likewise, they are directed to discuss the timeliness of the motion in light of the fact that the deposition occurred in January 2015.  The motion **SHALL** comply with Local Rule 251(c);

2. Plaintiffs are authorized to file a motion to compel the further deposition of the entity. However, if they choose to file such a motion, in addition to addressing the specific deposition questions at issue, they must address the factors why they believe the deponent previously produced was inadequate under applicable federal authority.  The motion **SHALL** comply with Local Rule 251(c);

3. As to either motion, Plaintiffs are limited to the issues actually raised in meet and confer efforts with opposing counsel and actually discussed at the informal conference.

**<u>No modifications of the case schedule are authorized hereby</u>**.

IT IS SO ORDERED.

Dated:   **April 17, 2015**              /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE