UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.D.G. et al., ) | Case No.: 1:13-cv-02057 JLT |
| ) | |
| Plaintiffs, ) | ORDER DENYING PLAINTIFFS' REQUEST TO |
| ) | FILE DOCUMENTS UNDER SEAL |
| v. ) | |
| ) | (Doc. 63) |
| CITY OF BAKERSFIELD, et al., ) | |
| ) | |
| Defendants. ) | |

Before Court is the request of Plaintiffs to file documents related to the settlement under seal. (Doc. 63) Plaintiffs report that the information they would like sealed include their addresses, the amounts of settlement proceeds each will receive and the manner in which it will be received. Plaintiffs have not lodged copies of the documents at issue.

Plaintiffs argue that this information should remain confidential in order to protect the children from harassment by relatives. However, in doing so, they admit that the settlement will be made public given it involves employees of a public entity. Because Plaintiffs' have failed to demonstrate that the Court should seal the documents and they have failed to comply with Local Rule 141, the request is **DENIED**.

///

///

1

## I. Legal Authority

Federal Rule of Civil Procedure 26(c) determines when documents may be sealed. The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). The Court may seal documents only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

Notably, this Court's Local Rule 141 sets forth, procedurally, how a request to seal documents should proceed. First, as was done here, the requesting party files a Notice of Request to Seal Documents. L.R. 141(a). Concurrently with this filing, the requesting party lodges a Request to Seal Documents, which addresses the specific pages of the documents sought to be sealed, the information contained therein and explanation for why the information should be shielded from public view. L.R. 141(b). Ideally, at this time, the moving party would lodge also a proposed redacted copy of the documents with the private information obliterated. The email containing this lodged information must be copied to opposing counsel. Then, if there is no objection to the request to seal (L.R. 141(c)), the Court must determine whether each of the pages of the document should be shielded from public view or to what extent they should be.

The request here provides little discussion why entire documents or, even the specific

information identified, should be sealed.  Indeed, Plaintiffs admit the amount of the settlement will be made public given the matter involves public employees.  Thus, the Court cannot comprehend how sealing the documents here achieves anything.  On the other hand, the Court will permit Plaintiffs to redact their addresses in those documents filed on the public docket providing that they lodge a copy of the unredacted documents with the Court at the same time.  L.R. 140(b). Plaintiffs should lodge the unredacted copy via an e-mail to JLTOrders@caed.uscourts.gov.

On the other hand, Plaintiffs argue that relatives may harass their guardians ad litem in an attempt to share in the proceeds of the settlement.  However, the Court anticipates that the children's motion for approval of minors' compromise will seek to have the funds deposited in blocked accounts, access to which will be allowed only upon court order.  In this way, the children's interests will be protected.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiffs' request to seal (Doc. 63) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 20, 2015**             **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE