UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.D.G, et al., <br><br>   Plaintiffs, <br><br>   v. <br><br> CITY OF BAKERSFIELD, et al., <br><br>   Defendants. | Case No.: 1:13-cv-02057 JLT <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR APPROVAL AND COMPROMISE FOR MINOR PLAINTIFFS <br><br> (Doc. 65) |

Plaintiffs R.D.G., A.C.G., F.E.G., J.S.G., J.A.G. and M.I.G. are the children of their guardian ad litem, Rosemary Lopez and the decent, Abel Gurrola. (Doc. 65 at 2)  In this petition, Ms. Lopez seeks approval of the compromise of this action on behalf of the children. Id.  Defendants have not opposed the petition.  For the following reasons, the petition will be **GRANTED in PART**.

**I.      Factual and Procedural History**

On January 1, 3013, "in celebration of the New Year," Abel Gurrola and two companions "fired several rounds from a .22 caliber rifle into the ground of the open field located to the south east of the 720 Terrace Way apartment complex." (Doc. 13 at 2.)  At approximately 12:19 a.m., Bakersfield Police Officers Woessner and Aleman were dispatched to the apartment complex "to investigate a report of shots fired." (Doc. 1 at 14, ¶ 25.)  Plaintiff alleges the officers observed Gurrola, who "ran in the opposite direction and into the well lit courtyard of the apartment complex." (Id., ¶¶ 26-27.) Plaintiff asserts Woessner and Aleman "fired their service weapons multiple times,"

striking Gurrola "in the back of the head." (Id., ¶ 28.)

Plaintiff initiated this action in Kern County Superior Court by filing a complaint against the City of Bakersfield; Greg Williamson, individually and in his capacity as Chief of Police of the Bakersfield Police Department; Officer Woessner; and Officer Aleman by filing a complaint on September 20, 2013. (Doc. 1.) In short, Plaintiff claims Defendants used excessive force and, as a result, subjected them to unlawful losses. (See generally Doc. 1 at 8-30.) Though Plaintiff contends the children will suffer emotionally due to the death of their father, they suffered no physical injuries as a result and have not been treated for emotional injuries. (Doc. 65 at 3)

Though the action proceeded through the expert discovery period, before expert depositions were taken the parties engaged in mediation and agreed to settle the matter for $100,000 to be divided equally among the children. (Doc. 65 at 3, 4)

## II.     Settlement Approval Standards

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2). Generally, federal courts refer to applicable state law in determining whether to approve the settlement of a minor's claims. *See e.g., Walden v. Moffett*, 2007 U.S. Dist. LEXIS 70507, at *6 (E.D. Cal. Sept. 20, 2007); *MAP v. City of Bakersfield*, 2009 U.S. Dist. LEXIS 7519, at *5 (E.D. Cal. Jan. 23, 2009); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure before Trial* § 15:138, p. 15-48 (2010). In California, a settlement or compromise of a claim of a minor is not enforceable without court approval. Cal. Prob. Code §§ 2504, 3600 *et seq.*; Cal. Code Civ. Proc. § 372 ("The guardian. . . or guardian ad litem so appearing for any

2

minor . . . shall have power, *with the approval of the court* in which the action or proceeding is pending, to compromise the same. . .") (emphasis added).

**III.     Discussion and Analysis**

    **A.     Settlement amount**

The petition in this case sets forth the information that is required. The children involved are: R.D.G., a 4-year-old boy; A.C.G., an 11 year-old boy; F.E.G. n 3-year-old boy; J.S.G., a 6 year-old girl; J.A.G., an 8 year-old boy; and M.I.G., a 10 year-old girl. (Doc. 65 at 6; Doc. 1 at 10-13) Each child is the natural child of the decedent. (Doc. 1 at 10-13)

The motion details that out of the settlement proceeds, Plaintiff's counsel will be reimbursed $31,252.35 for costs incurred in filing and prosecuting this case. (Doc. 65 at 38) In addition, counsel will receive 33 1/3% of the settlement proceeds. Id. The remaining 66 2/3% will be divided equally between the six children. Id. at 4. Thus, each child will receive $5,902.94.

Ms. Lopez, through counsel, reports that she "has made a careful and diligent inquiry and investigation to ascertain the facts relating to this incident, the responsibility for the incident and the nature, extent, and seriousness of Plaintiffs' injuries. Petitioner fully understands that if the compromise proposed in this petition is approved by the court and is consummated, the Plaintiffs will be forever barred from seeking any further recovery of compensation from the settling defendants named below, even though the Claimant's injuries may in the future appear to be more serious than they are now or thought to be." Id. at 3-4. Despite this, Ms. Lopez recommends the Court approve the petition as "fair, reasonable and in the best interest of the Plaintiffs." Id. at 6.

Ms. Lopez seeks to have the entirety of the children's proceeds accessible to her to spend the sum as she deems fit for their current care. (Doc. 65 at 4, 5-6) In the motion, counsel reports the family is in need of a vehicle given they currently have no car. Id. at 11. While counsel reports she will purchase "a modest family vehicle," she fails to report the cost of the, how much she will contribute to the purchase, how will the cost of insurance be covered or, exactly, why the children's interests are served by this purchase. Id. Likewise, she reports that she will use other money to pay for such daily needs of the children like, "food, clothes, rent, and other needs that may arise for each

child." Id. Once again, she fails to explain the current source of support for the children or why this current source is insufficient for the children's needs.

Finally, the Court recalls that counsel reported in an earlier-filed request that the Court seal her petition for approval of the minors' compromise due to the fact that she believed she would be harassed by relatives who wished to share in the children's damage award. (Doc. 62) The current petition fails to address this earlier concern and fails to provide any reason to believe this risk has been alleviated. The Court cannot take this issue on faith. Its obligation is to protect the children's best interests and, as a result, does not find that releasing the funds to Ms. Lopez serves those interests.

On the other hand, at the hearing, Ms. Lopez reported that she has never owned a car and does not drive. Thus, clearly, the family has no need of a vehicle. Likewise, Ms. Lopez indicated that she has always wanted the children's money placed in blocked accounts and did not seek to have the money given to her.[1]

Based upon the information provided in the petition and the supporting documents, and considering the totality of the facts and circumstances of this case, the Court finds the settlement agreement is fair, reasonable, and in the best interests of the children. However, the Court will require each child's share to be deposited from counsel's trust account into a blocked account, opened for each child. Court approval of withdrawal of funds from the accounts may be requested from the Court by Ms. Lopez without representation by counsel through an informal letter filed with the Court. Any such letter SHALL explain the need for the funds, how the funds will be spent, how the expenditure will benefit the children and, to the extent the funds are sought to pay for daily living expenses that are typically provided by the parent, the extent to which Ms. Lopez is contributing to the expenses.

### B.    Attorney's fees and costs

In addition to approval of the settlement itself, any attorney's fee to be paid for representation of a minor must be approved by the court. Cal. Prob. Code § 3601. To determine whether a request for attorney's fee is reasonable, the Court may consider the time and labor required, whether the

---

[1] The Court presumes counsel felt that it was preferable for Ms. Lopez to have full access to the settlement proceeds.

1  minor's representative consented to the fee, the amount of money involved and the results obtained,
2  and whether the fee is fixed, hourly, or contingent.  See California Rule of Court 7.955(b).
3  　　　　Where a contingency fee has been proposed, "most courts require a showing of "good cause"
4  to award more than 25% of any recovery… As a practical matter, awards for more than 25% of the
5  recovery in a minor's case are rare and justified only when counsel proves that he or she provided
6  extraordinary services." Schwall v. Meadow Wood Apartments, 2008 U.S. Dist. LEXIS 18819, at *3
7  (E.D. Cal. Feb. 27, 2008) (quoting 2 Weil & Brown, California Practice Guide: Civil Procedure before
8  Trial §§12:576-12:577, p. 12(II)-17 (2007)). When a fee is contingent, the court should also consider
9  the risk of loss, the amount of costs advanced by the attorney, and the delay in reimbursement of costs
10 and payment of fees to determine if the amount is reasonable. See California Rule of Court
11 7.955(b)(13).
12 　　　　Counsel reports that this was a "quite complicated matter, in light of the fact that Mr. Gurrola
13 was firing a weapon before the officers arrived, and the officer testimony suggested that they had seen
14 him with a weapon when they first approached him, although he was unarmed when he was eventually
15 shot." (Doc. 65 at 3)  Counsel reports further, "Additionally, the matter involved a chase, from which
16 Plaintiffs had two central issues affecting the outcome of their case: 1) whether Decedent turned
17 toward the officers before he was shot; and 2) Even if he did not turn, were the officers reasonable in
18 light of all the circumstances." Id. at 5.  Counsel asserts that this matter involved great risk and
19 expense for the firm due to the need to retain various experts stemming from the complicated issues
20 raised in the prosecuting the matter.  Id.
21 　　　　Here, Ms. Lopez has agreed to the contingency amount between one-quarter and one-third of
22 the recovery.  (Doc. 65 at 14)  After considering the alleged facts and the deposition testimony shared
23 with the Court in prior motions, the Court agrees that the risk of loss was substantial.  On the other
24 hand, the Court does not find the issues involved posed difficult or novel legal questions but, rather,
25 posed difficult-to-prove factual questions.
26 　　　　Toward that end, counsel estimates[2] attorneys in his firm spent approximately 600 hours
27
28 　　　[2] Though counsel references Mardirossian & Associates, Inc. v. Ersoff, 153 Cal.App.4th 257 (2007) for the proposition that an attorney need not provide billing records when seeking an award of fees, Mardirossian, did not involve

5

prosecuting this action. (Doc. 69 at 3) Mr. McMurray reports that the attorneys' time was spent meeting with the client, interviewing witnesses and conducting scene inspections, drafting the government claim and complaint, conducting nine depositions and responding to and drafting written discovery. Id. The Court finds this amount of time to be reasonable for these actions and, that it is reasonable for the children for the attorneys to recover this amount.[3]

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The petition for approval of the minors' compromise is **GRANTED in PART** as follows:

    a. The settlement amount of $100,000 is **APPROVED**;

    b. The motion to approve attorney fees is **GRANTED** in the amount of $33,330;

    c. The motion to approve costs is **GRANTED** in the amount of $31,252.35;

    d. Plaintiff's counsel **SHALL** deposit the portion of the settlement proceeds for the six children, in the amount of $5,902.94 each, in an insured, blocked account opened for each child at a financial institution located within this state, subject to withdrawal only upon the authorization of the Court;

    e. **No later than October 16, 2015**, counsel for Plaintiff **SHALL** file proof of the creation of the blocked accounts. These documents **SHALL** be filed under **SEAL**;

    f. N**o later than** ten days after the settlement proceeds are paid to Plaintiff's counsel, Plaintiff's counsel **SHALL** file proof of the deposit of the funds into the blocked accounts. These documents **SHALL** be filed under **SEAL**; and,

///
///
///
///

---

a minor's compromise. Clearly, the standards for seeking a greater than 25% award *does* require a sufficient showing that extraordinary services were provided to the children which, in most cases, would be documented through billing records.

[3] Notably, at 600 hours, this equates to about $55 per hour.

2. The stipulated motion to dismiss **SHALL** be filed no later than **November 27, 2015**.

IT IS SO ORDERED.

Dated: **September 28, 2015**            **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE